UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____ –Civ

ANWAR T. BROOKS,

   Plaintiff

vs.

MEDICAL DATA SYSTEMS,

   Defendant.
_____/

## COMPLAINT

COMES NOW, Anwar T. Brooks, (hereinafter "Mr. Brooks" or "Plaintiff"), by and through the undersigned counsel, and hereby sues Medical Data Systems (hereinafter "MDS" or "Defendant"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Mr. Brooks is a thirty-five (35) year old African American male with a dark complexion, born in 1982, and at all times material hereto was a resident of St. Lucie County, Florida.

2. Medical Data Systems, Inc., a Florida For Profit Corporation with its principal address in Indian River County, Florida, is a medical collections company.

3. At all times material hereto MDS was the employer of Mr. Brooks, as that term is recognized under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended (hereinafter "Title VII"), 42 U.S.C. §1981 (hereinafter §1981) and the Florida Civil Rights Act, §760.01 et. seq., Florida Statutes (hereinafter "FCRA").

1

4. At all times material hereto, Mr. Brooks worked as a full time employee of MDS.

5. This Complaint seeks damages in excess of $75,000, exclusive of interest and costs.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331.

7. This Court has personal jurisdiction over the Defendant because a substantial part of the events or omissions giving rise to the claim occurred in Indian River County, Florida.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and §1367.

9. All conditions precedent to the bringing of this action have been performed, waived or excused.

## SUBSTANTIVE FACTUAL ALLEGATIONS

10. Mr. Brooks was gainfully employed by MDS as an EBO Private Pay Collector from May 27, 2011 through October 18, 2011.

11. Mr. Brooks first applied to MDS for employment in December 2010.

12. In January 2011, Mr. Brooks was interviewed and extended an offer of employment with MDS pending a background check.

13. Later, Mr. Brooks was informed that the employment offer was rescinded as a direct result of the background check.

14. Mr. Brooks attempted to provide MDS with documentation indicating that he has no record of criminal conviction.

15. MDS initially refused said records.

16. MDS hired individuals outside of Mr. Brooks protected class who had criminal histories.

17. In April 2011, Mr. Brooks provided the documentation to MDS indicating that he has no record of criminal conviction via e-mail and personal delivery.

18. Mr. Brooks was hired by MDS on May 27, 2011.

19. MDS had clear monthly collection-production goals for employees.

20. Employees outside of Mr. Brooks protected class were progressively disciplined when they failed to meet monthly collection-production goals.

21. Employees outside of Mr. Brooks protected class were transferred to different departments when they failed to meet monthly collection-production goals.

22. When Mr. Brooks had difficulty meeting these monthly collection-production goals, he was not progressively disciplined.

23. When Mr. Brooks had difficulty meeting these monthly collection-production goals, he was not transferred to a different department.

24. Mr. Brooks was evaluated based upon mid-month collection-production goals, contrary to MDS policy.

25. On October 18, 2011, Mr. Brooks was terminated for failing to meet mid-month collection-production goals.

26. On May 15, 2012, Mr. Brooks filed a formal Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Florida Commission on Human Relations (Hereinafter "FCHR"), alleging racial discrimination. *See* Exhibit A attached.

27. On June 28, 2017, the EEOC informed Mr. Brooks of his right to file a civil action. *See* Exhibit B attached.

28. Mr. Brooks has retained the undersigned law firm to represent him in this action and has agreed to pay the firm a reasonable fee for its services.

## **COUNT ONE- RACIAL DISCRIMINATION IN HIRING**

29. Mr. Brooks re-alleges and incorporates the substantive factual allegations set forth above in paragraphs 10 through 18 and 26 through 28 as if set forth herein in full.

30. MDS through its agent or Human Resources Department, engaged in a pattern and practice of unlawful discrimination on the basis of race in its hiring practices by rescinding Mr. Brooks offer of employment based upon his criminal history; initially refusing Mr. Brooks documentation indicating that he had no record of conviction; and by hiring individuals outside of Mr. Brooks protected class who had criminal histories, all in violation of Title VII, §1981 and the FCRA.

31. At all times material hereto, MDS had actual and constructive knowledge of the conduct described in paragraph 30 above.

32. MDS failed to take all reasonable steps to prevent the discrimination based on race from occurring.

33. MDS violated Title VII, §1981 and the FCRA by failing to adequately supervise, control or discipline and/or penalize the conduct, acts or failures to act of its agent or Human Resources Department as described in paragraph 30 above.

34. MDS' alleged basis for its adverse and disparate treatment of Mr. Brooks is pre-textual and asserted only to conceal the discriminatory nature of its conduct.

35. Mr. Brooks' race was also a motivating factor in the adverse and disparate treatment to which he was subjected.

36. As a direct and proximate result of MDS' discriminatory actions, Mr. Brooks has suffered and will continue to suffer emotional anguish, pain and suffering, extreme and severe mental anguish, loss of dignity and emotional distress. He has incurred and will continue to incur incidental expenses. He has suffered and will continue to suffer financial and economic loss, as well as loss of other employment benefits and job opportunities. Mr. Brooks is thereby entitled to general and compensatory damages, as well as interest, in an amount to be proven at trial.

37. As a further direct and proximate result of MDS' violations of Title VII, §1981 and the FCRA, Mr. Brooks has been compelled to retain the services of counsel in an effort to enforce his rights; and has thereby incurred, and will continue to incur, legal fees and costs.  Mr. Brooks requests that attorney's fees and costs be awarded.

38. Mr. Brooks also seeks punitive damages based upon MDS' intentional, willful, wanton and malicious discriminatory conduct.

WHEREFORE, Mr. Brooks respectfully requests entry of a judgment against MDS and an award of general, compensatory and economic damages, interest,

punitive damages, attorney's fees and costs, all as permitted by law for a violation of Title VII, §1981 and the FCRA.

## COUNT TWO- RACIAL DISCRIMINATION IN EMPLOYMENT

39. Mr. Brooks re-alleges and incorporates the substantive factual allegations set forth above in paragraphs 10, 18 through 24, and 26 through 28 as if set forth herein in full.

40. MDS through its agent or Human Resources Department, engaged in a pattern and practice of unlawful discrimination on the basis of race in the terms and conditions of its employment relationship with Mr. Brooks by subjecting Mr. Brooks to mid-month collection-production goals; failing to provide Mr. Brooks with progressive discipline; failing to transfer Mr. Brooks to a different department when he had difficulty meeting monthly collection-production goals; providing progressive discipline to employees outside of Mr. Brooks protected class; and by permitting employees outside of Mr. Brooks protected class to transfer to different departments when they had difficulty meeting monthly collection-production goals, all in violation of Title VII, §1981 and the FCRA.

41. At all times material hereto, MDS had actual and constructive knowledge of the conduct described in paragraph 40 above.

42. MDS failed to take all reasonable steps to prevent the discrimination based on race from occurring.

43. MDS violated Title VII, §1981 and the FCRA by failing to adequately supervise, control or discipline and/or penalize the conduct, acts or failures to

act of its agent or Human Resources Department as described in paragraph 40 above.

44. MDS' alleged basis for its adverse and disparate treatment of Mr. Brooks is pre-textual and asserted only to conceal the discriminatory nature of its conduct.

45. Mr. Brooks' race was also a motivating factor in the adverse and disparate treatment to which he was subjected.

46. As a direct and proximate result of MDS' discriminatory actions, Mr. Brooks has suffered and will continue to suffer emotional anguish, pain and suffering, extreme and severe mental anguish, loss of dignity and emotional distress. He has incurred and will continue to incur incidental expenses. He has suffered and will continue to suffer financial and economic, as well as loss of other employment benefits and job opportunities. Mr. Brooks is thereby entitled to general and compensatory damages, as well as interest, in an amount to be proven at trial.

47. As a further direct and proximate result of MDS' violations of Title VII, §1981 and the FCRA Mr. Brooks has been compelled to retain the services of counsel in an effort to enforce his rights under Title VII, §1981 and the FCRA; and has thereby incurred, and will continue to incur, legal fees and costs.  Mr. Brooks requests that attorney's fees and costs be awarded.

48. Mr. Brooks also seeks punitive damages based upon MDS' intentional, willful, wanton and malicious discriminatory conduct.

WHEREFORE, Mr. Brooks respectfully requests entry of a judgment against MDS and an award of general, compensatory and economic damages, interest, punitive damages, attorney's fees and costs, all as permitted by law for a violation of Title VII, §1981 and the FCRA.

### COUNT THREE- RACRIAL DISCRIMINATION IN TERMINATION

49. Mr. Brooks re-alleges and incorporates the substantive factual allegations set forth above in paragraphs 10, 18 through 28 as if set forth herein in full.

50. MDS through its agent or Human Resources Department, engaged in a pattern and practice of unlawful discrimination on the basis of race in its termination of the employment relationship with Mr. Brooks by subjecting Mr. Brooks to mid-month collection-production goals; failing to provide Mr. Brooks with progressive discipline; failing to transfer Mr. Brooks to a different department when he had difficulty meeting monthly collection-production goals; providing progressive discipline to employees outside of Mr. Brooks protected class; by permitting employees outside of Mr. Brooks protected class to transfer to different departments when they had difficulty meeting monthly collection-production goals; and by terminating Mr. Brooks fo0r failing to meet mid-month collection-production goals contrary to MDS policy, all in violation of Title VII, §1981 and the FCRA.

51. At all times material hereto, MDS had actual and constructive knowledge of the conduct described in paragraph 50 above.

52. MDS failed to take all reasonable steps to prevent the discrimination based on race from occurring.

53. MDS violated Title VII, §1981 and the FCRA by failing to adequately supervise, control or discipline and/or penalize the conduct, acts or failures to act of its agent or Human Resources Department as described in paragraph 50 above.

54. MDS' alleged basis for its adverse and disparate treatment of Mr. Brooks is pre-textual and asserted only to conceal the discriminatory nature of its conduct.

55. Mr. Brooks' race was also a motivating factor in the adverse and disparate treatment to which he was subjected.

56. As a direct and proximate result of MDS' discriminatory actions, Mr. Brooks has suffered and will continue to suffer emotional anguish, pain and suffering, extreme and severe mental anguish, loss of dignity and emotional distress. He has incurred and will continue to incur incidental expenses. He has suffered and will continue to suffer financial and economic, as well as loss of other employment benefits and job opportunities. Mr. Brooks is thereby entitled to general and compensatory damages, as well as interest, in an amount to be proven at trial.

57. As a further direct and proximate result of MDS' violations of Title VII, §1981 and the FCRA Mr. Brooks has been compelled to retain the services of counsel in an effort to enforce his rights under Title VII, §1981 and the FCRA; and has thereby incurred, and will continue to incur, legal fees and costs. Mr. Brooks requests that attorney's fees and costs be awarded.

58. Mr. Brooks also seeks punitive damages based upon MDS' intentional, willful, wanton and malicious discriminatory conduct.

WHEREFORE, Mr. Brooks respectfully requests entry of a judgment against MDS and an award of general, compensatory and economic damages, interest, punitive damages, attorney's fees and costs, all as permitted by law for a violation of Title VII, §1981 and the FCRA.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated: September 26, 2017

Respectfully submitted,

s/ Stefanie C. Moon, Esq.
Stefanie C. Moon, Esq.
Fla Bar No. 0074195
E-mail: scmoon@scmoonlaw.com
S.C. MOON LAW
1408 S. Andrews Avenue
Ft. Lauderdale, FL 33316
Tel: 954.530.7182
Fax: 954.341.1044